This case is before the court on defendant’s motion for summary judgment and plaintiff opposes but makes no crossmotion. Plaintiff, a traveler arriving in the United States by air at Kennedy National Airport, suffered a seizure of $13,700 United States currency, on the alleged ground of a failure to declare it. 31 U.S.C. § 1101 requires a "report” of any "monetary instruments” carried by a traveler over $5,000. By § 1102, such "monetary instruments,” if unreported, are subject to forfeiture. By § 1104, the Secretary of the Treasury may "remit” on terms he may deem reasonable and just. Apparently this procedure is similar to that under the more familiar 19 U.S.C. § 1618 for merchandise seized for a violation of regular customs laws. Plaintiff petitioned for remission of the forfeiture, and the regional commissioner by letter remitted upon condition of payment of $150. Plaintiff paid the $150, but the *774 $13,700 was not returned because it was found on investigation to have been stolen out of customs custody. Plaintiff contends that there came into existence at some point an implied-in-fact contract, which defendent breached by not returning the $13,700.
The "monetary instruments” in the case were United States currency, but the parties do not suggest, and therefore we do not consider, that the legal situation or the terms and conditions of the alleged implied-in-fact contract would be any different if the "monetary instruments” had been foreign currency, commercial paper, or tangible personal property. In Hatzlachh Supply Co. v. United States, 444 U.S. 460 (1980), the Supreme Court vacated and remanded a decision of this court on facts hardly distinguishable from those at bar, except that the property, seized by customs and lost to thieves, was merchandise, camera supplies, and "miscellaneous items” from Germany. This court had dismissed on the ground that exclusionary provisions of the Tort Claims Act, 28 U.S.C. § 2680(c) revealed a congressional intention not to waive sovereign immunity respecting seizure and detention of goods by customs officers. The Supreme Court held that the cited section had no bearing on Tucker Act liability, and it remanded for a determination by this court whether there was an implied-in-fact contract of bailment.
That case is now in the discovery phase in the trial division and we understand there is no chance of its being decided before the legal life of this court expires, October 1, 1982, September being the earliest possible date for trial.
It seems apparent, therefore, that there are held to be triable issues of fact in the Hatzlachh case. Defendant attempts by affidavit to show there are no such issues, but we think the effort fails. Specifically, limitations if any on the authority of customs employees to make implied-in-fact contracts should be, if they exist, common to both cases. We think it would at any rate reflect imprudent haste for us to try to dispose of this case on summary judgment while Hatzlachh remains in its present phase.
Accordingly, defendant’s motion for summary judgment is denied without prejudice, and the case is remanded to the trial division for further proceedings.